DAVID OSHER, Plaintiff v. JAMES H. RIDINGER, LOREN A. RIDINGER, MARTIN L. WEISSMAN, and MARKET AMERICA, INC., Defendants

No. COA03-173

(Filed 6 January 2004)

**Corporations— mergers—cash-out—exclusive remedy for inadequate price**

Dissent and appraisal is the exclusive remedy for shareholders who are aggrieved by the price offered and the method used to set the price in a cash-out merger of a North Carolina corporation. A class-action complaint alleging breach of fiduciary duties by a board of directors during a buy-out was properly dismissed for failure to state a claim. N.C.G.S. § 55-13-02.

Appeal by plaintiff from judgment entered 13 December 2002 by Judge Lindsay R. Davis, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 1 December 2003.

*Lesesne & Connette, by Edward G. Connette, and Schiffrin & Barroway, LLP, by Gregory M. Castaldo, pro hac vice, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Pressly M. Millen, for defendant-appellees.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jenrigan, L.L.P., by Carl N. Patterson, Jr. and J. Mitchell Armbruster, on behalf of the North Carolina Biosciences Organization, the Council for Entrepreneurial Development, the Piedmont Entrepreneurs Network, and the Metrolina Entrepreneurial Council, amici curiae.*

EAGLES, Chief Judge.

Plaintiff was a minority public shareholder of Market America, Inc. The individual defendants, James and Loren Ridinger and Martin Weissman, were the only members of Market America's board of directors. On or about 17 October 2001, the Ridingers, who at that time collectively owned 78% of the outstanding shares of common stock of Market America, announced their intention to acquire all of Market America's common stock that they did not already own for $8.00 per share in cash. Generally, the common stock has traded in the $4.00 to $5.00 range. Weissman joined the Ridingers in the buyout

group shortly after the proposal was made to Market America. The proposal called for Market America to merge with Miracle Marketing, a corporation completely owned by Mr. Ridinger. Market America issued a proxy statement that made the merger conditional upon the acceptance of a majority of the minority shareholders. A majority of the minority shareholders voted in favor of the merger, which was completed on or about 24 June 2002.

On 19 October 2001, plaintiff filed, individually and as a class action on behalf of all public shareholders of Market America, a complaint challenging the merger. Plaintiff filed an amended complaint on 4 November 2002 alleging breach of fiduciary duty by unfair dealing, unlawful coercion and unfair price. On 15 November 2002, defendants moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) on the grounds that the plaintiff lacked standing and failed to state a claim on which relief can be granted. On 13 December 2002, the trial court dismissed the action. (Though the order notes that the court "[took] into consideration the Memorandum provided by Plaintiff and the materials provided by Defendants," the record is devoid of any additional memorandum or materials and it appears that the court did not consider anything that could have converted the motion to one for summary judgment.) Plaintiff appeals.

In our review of the trial court's dismissal of this action pursuant N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), we must consider the allegations of the plaintiff's complaint as true. *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 155, 461 S.E.2d 13, 14 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996).

The plaintiff contends that the Ridingers began to investigate the possibility of "squeezing out" the minority shareholders by instituting a cash merger whereby the Ridingers would purchase the outstanding shares owned by the minority shareholders. A cash merger, also known as a "freeze-out" or "squeeze-out" merger, occurs when the majority shareholders of a corporation attempt to gain control of the corporation by "chasing out" the shares of the minority shareholders. *See* Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 24-09, at 24-17 and 24-18 (7th ed. 2002). When shareholders oppose these actions, N.C. Gen. Stat. § 55-13-02, the dissent and appraisal statute, provides that a shareholder may dissent from a plan of a merger proposed by the corporation or the majority

shareholders and obtain the fair value of his shares. *See* N.C. Gen. Stat. § 55-13-02(a) (2003).

Appraisal is the exclusive remedy for a shareholder who wishes to exercise a dissenter's rights. N.C. Gen. Stat. § 55-13-02(b) (2003) provides:

> A shareholder entitled to dissent and obtain payment for his shares under this Article may not challenge the corporate action creating his entitlement, including without limitation a merger solely or partly in exchange for cash or other property, unless the action is unlawful or fraudulent with respect to the shareholder or the corporation.

The statute does allow for remedies other than appraisal where dissatisfied shareholders can show the transaction was "unlawful" or "fraudulent."

This court has consistently concluded that where plaintiffs' complaints are essentially about the price received in a merger and the method by which the price was set, that plaintiffs have not sufficiently alleged an "unlawful" or "fraudulent" transaction. *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (1998); *IRA ex rel. Oppenheimer v. Brenner Companies, Inc.,* 107 N.C. App. 16, 419 S.E.2d 354, *disc. review denied,* 332 N.C. 666, 424 S.E.2d 401 (1992).

> [Although] a statutory appraisal remedy "may not be adequate . . . in certain cases, particularly where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved[,]" . . . a "remedy beyond the statutory procedure is not available where the shareholder's objection is essentially a complaint regarding the price which he received for his shares."

*Werner* at 440, 502 S.E.2d at 901, quoting *Oppenheimer* at 20-21, 419 S.E.2d at 357-58.

Here, the plaintiff's allegations have similarities to those in *Oppenheimer* and *Werner,* and include the following allegations:

> 11. Abandoned and at the same time threatened by their Board, Market America's minority shareholders accepted the $8.00 per share proposal and the merger closed on or about July 24, 2002.

As described below, plaintiff and the other minority shareholders have been injured *because $8.00 per share was not a fair price for their shares.*

. . . .

54. On or about July 22, 2002, Market America's shareholders approved the merger and the merger closed on or about July 24, 2002. Market America's shareholders have been damaged *because the $8.00 merger price was grossly unfair and inadequate . . . .*

. . . .

56. The $8.00 per share price was unilaterally set by Mr. Ridinger, the person who benefitted the most from cashing out Market America's minority shareholders for *a lowball price.*

. . . .

70. Defendants' misleading representation pressured Market America's shareholders to accept the $8.00 per share price, denying them free choice. Plaintiff and the Class were wrongfully forced to vote for a merger *at an unfair price . . . .*

. . . .

72. The price paid to the cashed-out minority stockholders was *entirely unfair and inadequate.*

(Emphasis added).

Plaintiff's complaint alleged breach of fiduciary duty on the part of the defendants as a result of unfair dealing, unlawful coercion and unfair price. Plaintiff has urged this court to adopt the "entire fairness" test for analyzing cash-out mergers announced in the Delaware Supreme Court's decision in *Weinberger v. UOP, Inc.*, 457 A.2d 701 (Del. 1983). Both *Oppenheimer* and *Werner* discussed the *Weinberger* decision and did not adopt the "entire fairness" test. We are bound by N.C. Gen. Stat. § 55-13-02 and our decisions in *Oppenheimer* and *Werner*. Dissent and appraisal is the exclusive remedy for shareholders who are aggrieved by the price offered and the method by which the price is set in a cash-out merger of a North Carolina corporation. All of the allegations in plaintiff's complaint center around the plaintiff's allegation that the defendants engaged in a course of conduct designed to enable them to buy the shares of the minority at an unfair price. The plaintiff's com-

plaint has failed to adequately allege an unlawful or fraudulent transaction by the defendants. The trial court did not err in dismissing plaintiff's complaint.

Affirmed.

Judges MARTIN and LEVINSON concur.